Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2837 | **DATE** | April 28, 2000 |
| **CASE TITLE** | *Eric Holder vs. Anthony Ivanjack, et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. The court grants defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) [49-1]. Final judgment in this case is entered in favor of defendants, the City of Chicago and the individual police officers, and against plaintiff, Eric Holder. As the court has entered final judgment in this case, the court strikes defendants' motions *in limine* as moot [46-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 0 1 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 65 |
| | Copy to judge/magistrate judge. | | | |
| CW courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIC HOLDER, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 98 C 2837<br>) |
| ANTHONY IVANJACK, A.D.S.,<br>SGT. PATRICK MINOGUE, STAR #1858,<br>SGT. PAUL DEROSA, STAR #1458,<br>P.O. THOMAS STACK, STAR #6232,<br>P.O. HAROLD RODRIQUEZ, STAR #14532,<br>P.O. DOMINICK COLUCCI, STAR #14466,<br>P.O. JOHN BERNATH, STAR #18602,<br>P.O. RICHARD HALJEAN, STAR #9860,<br>P.O. GARY CAIN, STAR #19432,<br>P.O. ANTHONY BARSANO, STAR #15728,<br>P.O. MAHER SULEIMAN, STAR #8242,<br>P.O. RONALD MIEZIERE, STAR #10392,<br>P.O. CHRISTOPHER STRZALKA, STAR #5358,<br>P.O. DAVID HAYES, STAR #19938,<br>LT. JEFFERY WILSON, STAR #352,<br>and THE CITY OF CHICAGO, | ) Judge James H. Alesia |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is defendants the City of Chicago's and the individual police officers' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the court grants defendants' motion for summary judgment.



# I. BACKGROUND[1]

Plaintiff Eric Holder ("Holder") is a patrol officer for the Chicago Police Department. At the time of the relevant incident, the individual defendants were all employed as police officers by the Chicago Police Department. The defendant City of Chicago ("City") is a municipal corporation and local government. Holder has brought this suit against the individual defendants and the City pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1367.

In order to understand this court's opinion, one must be aware of a number of facts. For the sake of clarity, a recitation of these facts is in two parts. Part A discusses the relevant events which relate to the shooting incident on July 10, 1997. Part B discusses the procedural history of this case in this court. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367.

## A. Events relating to the shooting incident on July 10, 1997

On July 10, 1997, on or about 12:00 a.m., the individual police officer defendants responded to a shooting incident in the alley behind 536 and 538 North Lawler in Chicago, Illinois. At some point after the officers arrived on the scene, Holder walked into the backyard of 538 North Lawler. As Holder walked into the backyard, the police officers twice yelled at Holder to "get the fuck out of the yard." (Defs.' 56.1(a) Statement Ex. H at 282:16-19 & 313:18-24.) Holder, despite this warning, remained in the yard. Eventually, the police officers

---

[1] Unless otherwise indicated, the following facts are taken from the parties' Local Rule 56.1 Statements. *See infra* Part II.A (addressing the impact of the parties' failure to comply with Local Rule 56.1 on the court's determination of the undisputed facts).

told Holder five times to get out of the yard.[2] (*Id.* Ex. H at 351:7-16, 352:3-11 & 381-82.) Furthermore, in response to the second time Sergeant Patrick Minogue ("Minogue") told Holder "to get the fuck out of the yard," Holder replied "fuck you too." (*Id.* Ex. H at 382:7-11.) After this interchange and Holder's disregard for the police officers' orders, Minogue ordered the other police officers to arrest Holder.

Based on this occurrence, Holder was charged with one count of resisting or obstructing a peace officer and two counts of battery. During the three day jury trial, Holder presented at least five witnesses who testified that five to ten police officers punched, kicked and beat him with flashlights and/or batons for several minutes during the arrest. Based on this testimony, Holder's attorney sought a modification of the jury instruction regarding the use of force in resisting arrest. Holder's attorney requested that a self-defense jury instruction be included. After finding no precedent for Holder's attorney's request, the trial judge refused to modify the jury instruction. (*Id.* Ex. L at 86-87.) Thus, the jury instruction for resisting or obstructing a peace officer stated: "A person is not authorized to use force to resist arrest which he knows is being made by a peace officer, even if he believes that the arrest is unlawful and the arrest in fact

---

[2] The parties dispute the amount of times the police officers told Holder to leave the back yard. The defendants claim it was a total of five times. Holder claims he was only told twice to get out of the yard. Both parties cite to the same two pages of Holder's deposition for support. The two pages cited appear to establish that Sergeant Patrick Minogue ("Minogue") told Holder twice "to get the fuck out of the yard." (Defs.' 56.1(a) Statement Ex. H at 381-82.) However, from a more complete reading of Holder's deposition, it is clear that the police officers, as a group, had told Holder twice to get out of the yard, Police Officer Ronald Mieziere told him once to get out of the yard, and Minogue told him twice to get out of the yard. Thus, from the evidence submitted, it appears to the court that the total amount of times Holder was told to leave the yard is five. (*Id.* Ex. H at 351:7-16, 352:3-11 & 381-382.)

is unlawful." (*Id.* Ex. P at 8-9 (citing IPI Criminal No. 24-25.20).) After deliberations, the jury found Holder guilty of resisting or obstructing a peace officer but not guilty of either count of battery.

Following the trial, Holder moved for judgment not withstanding the verdict or, in the alternative, for a new trial. Among other arguments made, the argument relevant to the current matter was that it was reversible error not to instruct the jury on the use of force to resist an arrest. After hearing oral arguments on Holder's post-trial motions, the trial court denied his motion for judgment not withstanding the verdict because the evidence was sufficient and denied his motion for a new trial because the instructions were proper. Following the trial judge's rulings on Holder's post-trial motions, the trial judge sentenced Holder to a one-year conditional discharge during which time he was prohibited from possessing a firearm.

On March 25, 1998, Holder appealed his conviction. On March 15, 1999, the appellate court affirmed Holder's conviction, finding that (1) the evidence was sufficient to support the jury's verdict and (2) the trial judge's refusal to instruct the jury on the use of force to resist an arrest was proper. In regard to the jury instructions, the appellate court specifically stated:

> Here, defendant raised the issue of a peace officer's justifiable use of force by alleging that excessive force was used to arrest him. The instruction given is an accurate statement of the law governing a peace officer's use of force. Similarly, [Illinois Pattern Jury Instruction, Criminal] No. 24-25.20 accurately states that the suspect may not use force to resist a lawful arrest. The combination of these two instructions does not, as defendant argues, require conviction. Rather, the instructions suggest that if the jury found the peace officers used force not reasonably necessary to effect the arrest, the arrest would be unlawful and defendant could legally resist.

(*Id.* Ex. P at 13.)

## B. Procedural history in this court

On May 8, 1998, Holder filed a complaint with this court naming fifteen individual police officers and the City as defendants. Holder's complaint alleged a violation of 42 U.S.C. § 1983 and various violations of Illinois tort law. On August 31, 1998, the City moved to dismiss Counts I, V and VII of the complaint. The court granted the City's motion on September 8, 1998 and gave Holder leave to file an amended complaint by September 22, 1998. (Ct. Order dated Sept. 8, 1998.) On September 21, 1998, Holder filed his amended complaint. Holder's amended complaint alleges the same violation of 42 U.S.C. § 1983 and violations of Illinois tort law as his original complaint but terminates his claims against Anthony Ivanjack and Lieutenant Jeffery Wilson, two of the individual defendants. In Count I, Holder alleges that the individual police officers violated his civil rights when they used excessive force to arrest him. In Count II against the individual police officers and Count III against the City, Holder alleges that the defendants committed assault and battery resulting in injuries to him. In Count IV against the individual police officers and Count V against the City, Holder alleges that the defendants intentionally caused him severe emotional distress when they uttered racial slurs, committed battery and charged him with the commission of a battery. In Count VI against the individual police officers and Count VII[3] against the City, Holder alleges that defendants violated the Illinois Hate Crime Act when they uttered racial slurs and, because of his race, committed assault and battery on

---

[3] Plaintiff mistakenly numbers his "Hate Crime" claim against the City as Count VIII, when in fact it should be Count VII. Accordingly, the court will refer to Holders' claim under the Illinois Hate Crime Act as Count VII.

5

Holder. Finally, in Count VIII against Sergeant Paul DeRosa ("DeRosa") and Police Officer Harold Rodriquez ("Rodriquez") and Count IV against the City, Holder alleges that the defendants failed to protect Holder from the assault and battery committed by the other individual police officers.

On October 15, 1998, the remaining individual police officers and the City filed a joint motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Counts IV, V, VI, VII, VIII, and IX of Holder's amended complaint. The court, on March 15, 1999, denied the defendants' joint motion. *See Holder v. Ivanjack*, 39 F. Supp. 2d 965 (N.D. Ill. 1999).

The matter is currently before the court on the City and the individual police officer defendants' motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(c), on all counts of Holder's amended complaint. The defendants contend that they are entitled to judgment as a matter of law on Count I because Holder's excessive force claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). The defendants contend that they are entitled to judgment as a matter of law on Count II because Holder's claims of assault and battery are barred by the theory of collateral estoppel. The defendants contend that they are entitled to judgment as a matter of law on Count IV because Holder did not suffer severe emotional distress. The defendants contend that they are entitled to judgment as a matter of law on Count VI because Holder's "hate crime" claim is barred by the theory of collateral estoppel. The defendants contend that they are entitled to judgment as a matter of law on Count VIII because there were no unlawful acts from which DeRosa and Rodriquez failed to protect Holder. Finally, the defendants contend that they are entitled to judgment as a matter of law on

Counts III, V, VII, and IX because the City cannot be liable under the theory of *respondeat superior* for conduct for which its employees are not liable.

## II. DISCUSSION

### A. Local Rule 56.1

Before addressing the merits of defendants' motion, the court must address the parties' failure to comply with Local Rule 56.1 ("Rule 56.1"). Rule 56.1(a) requires the party moving for summary judgment to file, among other items, a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." LOCAL R. 56.1(a)(3). The required statement is to consist of short numbered paragraphs, including within each paragraph specific cites to the record which support the facts set forth. *Id.* Rule 56.1(b) then requires the opposing party to file among other items:

> a concise response to the movant's statement that shall contain: (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and (B) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials.

LOCAL R. 56.1(b)(3). Rule 56.1(b) further provides that "all material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* The Seventh Circuit has upheld strict compliance with this rule. *Huff v. UARCO Inc.*, 122 F.3d 374, 382 (7th Cir. 1997) (discussing Local General Rule 12, the predecessor to Rule 56.1).

7

In this case, neither party has filed a proper Rule 56.1 Statement. In defendants' Rule 56.1(a) Statement, defendants provide general cites to the record in paragraphs 8 and 15. However, Rule 56.1(a) requires "specific references to the affidavits, parts of the record, and other supporting materials." LOCAL R. 56.1(a). Thus, the court will not consider defendants' factual assertions set forth in paragraphs 8 and 15 unless the court happens to come across support for these assertions.

In Holder's Rule 56.1(b) Statement, Holder properly either admits or denies the facts contained in defendants' Rule 56.1(a) Statement. However, in paragraphs 9, 15-16, 18-19, 27-29, 52, and 54 of his Rule 56.1(b) Statement and in paragraphs 1-3 & 21-33 of Holder's Rule 56.1(b) Statement of Additional Facts,[4] Holder raises additional facts but either fails to cite to the record or fails to specify where in the cited exhibit these assertions are. The court will not scour the record to find evidence in support of Holder's assertions. Thus, except for Holder's statements which are supported by the record, all facts contained in defendants' Rule 56.1(a) Statement which are supported by the record are deemed admitted as they are uncontested. *See Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1140 (7th Cir. 1997). Furthermore, in several of the paragraphs, Holder raises legal arguments. These legal arguments are improper in a Rule 56.1 Statement. Thus, the court will strike them.

---

[4] Aside from the first paragraph, Holder fails to number any of the following paragraphs in his Rule 56.1(b) Statement of Additional Facts. The court, however, has ignored this omission and numbered them itself.

B.  **Standard for deciding a motion for summary judgment**

A motion for summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997).

The burden is on the moving party to show that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson*, 477 U.S. at 256. Once the moving party presents a prima facie showing that he is entitled to judgment as a matter of law, the non-moving party may not rest upon the mere allegations or denials in its pleadings but must set forth specific facts showing that a genuine issue for trial exists. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 256-57; *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989).

C.  **Count I – Excessive Force**

In Count I of his amended complaint, Holder alleges that the individual police officers, in both their official and individual capacities, violated 42 U.S.C. § 1983 ("§ 1983") by using excessive force when they arrested him. However, the defendants claim that this count is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477. In *Heck*, the Supreme

9

Court held that a plaintiff who has previously been convicted of a crime does not have a claim for damages under § 1983 if that claim would either negate an element of the crime or necessarily imply the invalidity of that conviction. *Heck*, 512 U.S. at 486.

In determining whether the *Heck* requirement is met, the district court must consider whether a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction." *Id.* at 487. If it would, the plaintiff does not have a § 1983 claim unless the plaintiff can prove that the conviction has been previously invalidated. *Id.* However, if the court determines that the plaintiff's action, even if successful, would "not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," the court should allow the action to proceed. *Id.*

In this case, for Holder to succeed on his § 1983 claim, the trier of fact would have to find that the police officers used excessive force to effectuate Holder's arrest. However, in their affirmation of Holder's conviction for resisting or obstructing a peace officer, the Illinois Appellate Court stated that if the jury had found that the police officers involved used unreasonable or excessive force, then the jury from Holder's criminal trial would have found the arrest unlawful and Holder not guilty. (Defs.' 56.1(a) Statement Ex. P at 13.) However, that did not occur. The jury found Holder guilty of resisting or obstructing a peace officer. Thus, *Heck* bars Holder's § 1983 claim because a successful prosecution of Holder's excessive force claim would necessarily imply that the police officers used unreasonable force and, therefore, Holder's criminal conviction for resisting or obstructing a peace officer was wrongful. Accordingly, the

court grants the defendants' motion for summary judgment on Count I of Holder's amended complaint.

## D. <u>Illinois State Law Claims</u>

Because Holder's federal claim does not survive summary judgment, the court can only reach the merits of Holder's state law claims if supplemental jurisdiction under 28 U.S.C. § 1367 is proper. "When all federal claims are dismissed prior to trial, the court should generally relinquish jurisdiction over pendent state law claims, *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir.) *cert. denied*, 119 S. Ct. 167 (1998), but if an 'obviously correct' interpretation of state law 'knocks out the plaintiff's state law claim ... the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case.' *Van Arken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. [1997])." *Murphy v. Village of Hoffman Estates*, No. 95 C 5192, 1999 WL 160305, at *11 (N.D. Ill. Mar. 17, 1999). In this particular case, because this court can easily address and "knock out" Holder's state law claims, the court will put Holder "out of his misery."

### 1. <u>Count II – Assault and Battery</u>

In Count II of Holder's amended complaint, Holder alleges that the individual police officers committed assault and battery when they arrested him. The defendants, however, argue that this count is barred by the theory of collateral estoppel because the parties litigated this issue during the prior criminal proceeding.

Collateral estoppel bars a party from re-litigating an issue decided in a previous proceeding. *Herzog v. Lexington Township*, 657 N.E.2d 926, 929 (Ill. 1995). Defensive

11

collateral estoppel occurs when the defendant seeks to prevent the plaintiff from asserting a claim which the plaintiff has previously litigated and lost. *In re Owens*, 532 N.E.2d 248, 250 (Ill. 1988). To invoke the doctrine of collateral estoppel, the defendant must establish that: (1) the issue decided in the prior adjudication is identical to the issue presented in the current case; (2) the prior adjudication resulted in a final judgment on the merits; and (3) the plaintiff was a party or is in privity with a party in the prior adjudication. *Illinois State Chamber of Commerce v. Pollution Control Bd.*, 398 N.E.2d 9, 11 (Ill. 1979).

Neither party, in this case, specifically addresses the individual elements of collateral estoppel. The defendants, who have the burden of establishing the elements, in a rather perfunctory manner state that the allegations of assault and battery were fully litigated in Holder's criminal trial and that the jury, the trial court and the appellate court rejected those claims. In their argument, the defendants provide little detail and fail to cite to the record for support. Holder's argument fares no better. In his response, Holder merely sets forth the elements of collateral estoppel and a couple brief analyses of previous decisions. He also fails to cite the record for support of his argument.

Despite both parties cursory examination of this issue, the court finds that Holder is barred by the doctrine of collateral estoppel because "[i]t is generally accepted that a criminal conviction estops a defendant from contesting in a subsequent civil proceeding the facts established and the issues decided in the criminal proceeding." *Talarico v. Dunlap*, 685 N.E.2d 325, 328-29 (Ill. 1997). In Holder's previous criminal trial, the jury found Holder guilty of resisting or obstructing a peace officer. Furthermore, both the trial court and the appellate court

upheld the jury's verdict. For this court to find that the individual police officers committed an assault and battery, the court would have to find that the police officers unlawfully used excessive force in effectuating the arrest of Holder. *See* 720 ILL COMP. STAT. 5/12-1 ("A person commits an assault when, *without lawful authority*, he engages in conduct which places another in reasonable apprehension of receiving a battery." (emphasis added)); *Id.* 5/12-3 ("A person commits battery if he intentionally or knowingly *without legal justification* and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." (emphasis added)). The appellate court, however, stated that if the jury had found that the police officers involved used unreasonable force, then the jury would have found the arrest unlawful and Holder not guilty. The jury found Holder guilty of resisting or obstructing a peace officer and, therefore, found the police officers' actions lawful. Thus, because the police officers acted lawfully, Holder is estopped from litigating his claims of assault and battery. Accordingly, the court grants the defendants' motion for summary judgment on Count II of Holder's amended complaint.

### 2. Count IV – Intentional Infliction of Emotional Distress

In Count IV of Holder's amended complaint, Holder alleges that the police officers intentionally caused him emotional distress. Defendants, however, argue that Holder has failed to establish that the police officers' conduct caused severe emotional distress.

In order for Holder to maintain an action for intentional infliction of emotional distress, he must establish, among other things, that the police officers' conduct caused severe emotional

13

distress. *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 623 (7th Cir. 1989). Holder alleges that he did in fact suffer from severe emotional distress and cites to his own deposition for support. However, the pages which Holder cites do not support the proposition that the police officers' conduct caused Holder to suffer from severe emotional distress. (*See* Pl.'s Dep. at 107-08.) In addition to his own deposition, Holder relies upon the deposition of Doctor De La Cruz ("De La Cruz"). The court finds that there are facts within De La Cruz's deposition which may lead a jury to believe that Holder did indeed suffer from severe emotional distress.[5]

However, this does not end the court's inquiry. Although neither party has addressed the other elements of a claim for intentional infliction of emotional distress, the court, after fully reviewing the record in this case, finds that Holder has failed to establish that the police officers' conduct was extreme and outrageous. *See Schroeder*, 875 F.2d at 623 (stating that to have a claim for intentional infliction of emotional distress "the conduct involved must be truly extreme and outrageous."). As the jury in this case found the police officers' conduct to be reasonable, *see supra* Parts II.C & D, the police officers' conduct cannot be extreme and outrageous. Accordingly, the court grants the defendants' motion for summary judgment on Count IV of Holder's amended complaint.

---

[5] It is disturbing to this court that, if Holder is indeed suffering from severe emotional distress as he claims, he has been reinstated as a police officer apparently without any psychological evaluation, and, accordingly, is required to carry a weapon. It would seem that, if he is in fact suffering from such severe emotional distress, the police should have conducted an evaluation of Holder to determine if this emotional distress inhibits his abilities to serve as a Chicago Police Officer.

14

### 3. <u>Count VI – Hate Crime</u>

In Count VI of his amended complaint, Holder alleges that the individual police officers violated the Illinois Hate Crime Act, 720 ILL. COMP. STAT. 5/12-7.1, when they uttered racial slurs and, because of his race, assaulted and battered him. The defendants argue, however, that, because the theory of collateral estoppel bars Holder from litigating his claims of assault and battery, Holder is unable to establish a "hate crime." The court agrees.

The Illinois Hate Crime Act states: "A person commits [a] hate crime when, by reason of the actual or perceived race, color, ... ancestry ... or national origin of another individual ..., he commits assault [or] battery ... against a victim who is: (1) the other individual." 720 ILL. COMP. STAT. 5/12-7.1. Thus, in order for Holder to establish a violation of the Illinois Hate Crime Act, he must establish that the police officers committed an assault and battery. Because the court has previously found that the theory of collateral estoppel bars Holder from litigating his assault and battery claims, *see* Part D.1, Holder cannot establish a violation of the Illinois Hate Crime Act. Accordingly, the court grants the defendants' motion for summary judgment on Count VI of Holder's amended complaint.

### 4. <u>Count VIII – Failure to Protect</u>

In Count VIII of his amended complaint, Holder alleges that DeRosa and Rodriquez failed to protect Holder from the assault and battery committed by the other individual police officers. However, the defendants argue that Holder has failed to establish that DeRosa and Rodriquez failed to protect him because there were no unlawful acts from which he needed protection. The court agrees.

As discussed in a previous opinion, Holder has failed to point to the exact statute which entitles him to relief on this count. *See Holder v. Ivanjack*, 39 F. Supp. 2d at 972. Regardless, because the police officers lawfully arrested Holder – thus, Holder cannot establish excessive force, assault and/or battery – there is not an unlawful act from which DeRosa and Rodriquez failed to protect Holder. Accordingly, the court grants the defendants' motion for summary judgment on Count VIII of Holder's amended complaint.

### 5. Counts III, V, VII, IX – Respondeat Superior Liability

In his amended complaint, Holder alleges that the City is liable through the theory of *respondeat superior* for the individual police officers' actions alleged in Counts II, IV, VI, and VIII. However, as the defendants correctly assert, "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILL. COMP. STAT. 10/2-109. Because Holder has failed to establish that the individual police officers are liable for assault, battery, intentional infliction of emotional distress, a hate crime, or failure to protect, the City cannot be liable for these actions. Accordingly, the court grants defendants' motion for summary judgment on Counts III, V, VII, and IX of Holder's amended complaint.

## III. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion for summary judgment. Final judgment in this case is entered in favor of defendants, the City of Chicago and the individual police officers, and against plaintiff Eric Holder.

APR 28 2000
Date:_____

_[signature]_
James H. Alesia
United States District Judge